UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN BIRDO, individually and on behalf of K.B.,

    Plaintiff,

  v.

MICHEALA SMITH, J.S., ERIC COLLINS, and
DENNIS JOHNSON, SR.,

    Defendants.

Case No. 25-cv-1908-JPG

## **MEMORANDUM AND ORDER**

    This matter comes before the Court on plaintiff Kevin Birdo's motion for leave to proceed *in forma pauperis* in this action that he claims is under the Equal Protection Clause of the Fourteenth Amendment (Doc. 2).

    As a preliminary matter, the Court directs the Clerk of Court to remove all references in the docket sheet to the name of the minor on whose behalf the plaintiff is suing and to replace those references with the initials K.B. *See* SDIL-LR 5.1(c). All future references to the minor shall refer to K.B., and any exhibits shall be redacted so as not to reveal the minor's identity. Additionally, until the age of the defendant allegedly in high school becomes clear, the Court will use J.S. to identify him..

    A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241,

1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

Birdo has not submitted an affidavit of indigency, so the Court cannot find he is indigent at this point.

Further, the Court finds that this action, as currently pled, fails to state a claim. Birdo has sued four individuals, including K.B.'s mother Michaela Smith and his brother J.S., alleging that, since March 23, 2023, in Centralia, Illinois, they have been violating his four-year-old son K.B.'s rights under the Equal Protection Clause of the Fourteenth Amendment by child endangerment, child trafficking, and sexual exploitation. He alleges K.B. has been sexually assaulted by J.S., has been forced to have penis enlargement surgery on the orders of defendants Eric Collins and Dennis Johnson Sr., and has gone missing for the past several months. Birdo believes Collins and Johnson are child sex traffickers and child exploiters and have audio and video monitoring systems in their homes in violation of state eavesdropping laws. Birdo claims that they have control over Smith, and that J.S. is a groomer for their child sex activities.

Birdo has not stated an equal protection violation. Generally, only governmental bodies are restricted by the Equal Protection Clause, either directly through the Fourteenth Amendment if they are state governments or their subdivisions, or indirectly through the Fifth Amendment's Due Process Clause if they are the federal government or their subdivisions. *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988). None of the defendants is a government or a governmental actor. Consequently, Birdo has not stated an equal protection claim.

The Court has further considered whether Birdo states a claim under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595(a), which allows a victim of sex trafficking under 18 U.S.C. § 1591 to bring a civil action to recover damages from those who trafficked them and from those who knowingly benefited from that trafficking.  However, such a claim depends on whether 18 U.S.C. § 1591 has been violated, and an 18 U.S.C. § 1591 violation requires conduct in or affecting interstate commerce and using means of force, threats of force, fraud, or coercion to cause a minor to engage in a commercial sex act.  Birdo has alleged nothing of the sort.

For these reasons, the Court **DISMISSES** Birdo's complaint but will give him an opportunity to replead a cause of action over which the Court has jurisdiction.  Additionally, the Court will allow him to file an affidavit of indigency.  The Court **DIRECTS** the Clerk's Office to send Birdo a form motion for leave to proceed *in forma pauperis*.  The Court **ORDERS** that Birdo shall have up to and including November 26, 2025, to file the *in forma pauperis* affidavit along with an amended complaint.  The Court **RESERVES RULING** on his motion to proceed *in forma pauperis* until it receives those documents.  If he fails to file those documents in a timely fashion, the Court will dismiss this case without prejudice for failure to state a claim.

**IT IS SO ORDERED.**
**DATED:  October 28, 2025**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**